IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH BARTELLI, :<br>Petitioner : <br> : <br> v. : <br> : <br> JAMES WYNDER, et al. : <br> Respondents : | CIVIL ACTION <br><br> NO. 04-3817 |

## ORDER

**AND NOW**, this _7th_ day of March 2011, upon consideration of the pleadings and record herein, and after review of the Report and Recommendation of Chief Magistrate Judge Thomas J. Rueter, it is **ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation (ECF No. 72) is **OVERRULED**;[1]

2. The Report and Recommendation (ECF No. 68) is **APPROVED** and **ADOPTED**;

---

[1] Petitioner does not object to a specific proposed finding or recommendation in the Report and Recommendation ("R&R"). The Objection appears to make two points, neither of which are responsive to the R&R or undermine its recommendations. First, Petitioner seems to argue that he had ineffective assistance of counsel because "[t]here is clear evidence in the record" that the victim "allowed" him into her home and because someone "further testified that 'I took nothing from him or from his home'." Objection 5-6. The R&R does not imply to the contrary, and neither factual contention undermines the R&R's finding that the ineffective assistance of counsel claim is procedurally defaulted. Second, Petitioner challenges the trial court's subject matter jurisdiction over him. *See id.* at 6 (arguing that the Court of Common Pleas did not have "subject matter jurisdiction upon [his] person" because "PA.'s Purdon's statutes" lack an "enacting clause"). This argument is both meritless and procedurally defaulted.

3. The Petition for a Writ of Habeas Corpus is **DENIED**;

4. Petitioner's Motion for Discovery (ECF No. 64) is **DENIED**;

5. Petitioner's Motion for Evidentiary Hearing (ECF No. 65) is **DENIED**; and

6. A certificate of appealability is **not** granted.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:    Copies **MAILED** on _____ to: