**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEITH BARTELLI,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| **v.** | : | **No. 04-cv-3817** |
| | : | |
| **JAMES WYNDER,** *et al.*, | : | |
| *Respondents*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                    **APRIL 14, 2026**

On March 9, 2026, Petitioner Keith Bartelli filed a Motion for Relief from Final Order and

Judgment Pursuant to Rule 60(b)(2) & (6) Fed. Rule of Civil Procedure (the "Rule 60(b) Motion").

*See* ECF No. 90.  Respondents filed a Response to Petitioner's Motion for Relief from Final

Judgment (the "Response") on April 7, 2026.  *See* ECF No. 94.  For the reasons set forth below,

the Court will **DISMISS WITHOUT PREJUDICE** Petitioner's Rule 60(b) Motion (ECF No. 90)

because it is properly considered as a successive or second habeas petition and Petitioner did not

seek authorization from the Third Circuit in advance of filing it.  No certificate of appealability

shall issue.

### I.   BACKGROUND

Petitioner is a prisoner at SCI Phoenix, a state correctional institution in Collegeville,

Pennsylvania.  *See* ECF No. 90 at 17.  On May 15, 1996, after a bench trial before Judge Ricardo

C. Jackson, Petitioner was found guilty of robbery, aggravated assault, burglary, possessing an

instrument of crime, impersonating a public servant, attempted theft, criminal trespass, and

recklessly endangering another person.  *See* ECF No. 68 at 1 (citing *Commonwealth v. Bartelli*,

No. 0726, slip op. at 1–2 (C.P. Phila. May 31, 2000)).  At trial, the Commonwealth's evidence

showed that Petitioner impersonated a police detective so that he could gain entry into a victim's home, after which he beat the victim with a nightstick. *Id.* (citation omitted).

On September 27, 1996, Judge Jackson initially sentenced Petitioner to thirty-nine years reporting probation. *See id.* (citation omitted). A few days later, on September 30, 1996, the Commonwealth filed a Petition for Reconsideration of Sentence (the "Petition for Reconsideration"), in which it argued that Judge Jackson had failed to impose a mandatory minimum sentence of three to six years of imprisonment on one of the charges that Petitioner was convicted of. *See id.* at 1–2 (citation omitted); *see also* ECF No. 94 at 2; ECF No. 94-1 at 1. The Commonwealth thus requested that Judge Jackson vacate Petitioner's sentence, order a new hearing, and enter a new judgment of sentence. *See id.* at 2. On November 11, 1996, Judge Jackson vacated Petitioner's original sentence and granted the Commonwealth's request for a new hearing. *See* ECF No. 68 at 2 (citation omitted). On March 24, 1999, Petitioner was newly sentenced to an aggregate term of thirty-one to sixty-two years of imprisonment. *See id.* (citation omitted). Petitioner's conviction and sentence were subsequently affirmed on direct appeal by the Superior Court of Pennsylvania. *See id.* at 3 (citing *Commonwealth v. Bartelli*, No. 2343 EDA 2001, 841 A.2d 570 (Pa. Super. Ct. 2003) (Table)).

On August 12, 2004, Petitioner filed a habeas petition in federal court pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The case was stayed for a few years while Petitioner exhausted his state court remedies. *See* ECF No. 25. After the case was unstayed, *see* ECF No. 54, on November 30, 2010, Magistrate Judge Thomas J. Rueter issued a Report and Recommendation, recommending that the petition be denied. *See* ECF No. 68 at 1. On March 7, 2011, District Judge Anita B. Brody approved and adopted the Report and Recommendation, and overruled Petitioner's objection. *See*

2

ECF No. 75 at 1; *see also* ECF No. 78 (denying Petitioner's Motion for Reconsideration).[1] Thereafter, Petitioner filed an application for a certificate of appealability in the Third Circuit, which denied his request. *See* ECF Nos. 79, 80, 84.

On March 9, 2026, Petitioner filed a Rule 60(b) Motion on the basis of purported newly discovered evidence. *See* ECF No. 90. According to Petitioner, in response to his inquiry, the Office of Judicial Records for the Philadelphia Court of Common Pleas told him that there are no copies of the Commonwealth's 1996 Petition for Reconsideration in his case file. *See id.* at 5–7, 25. Petitioner also asserts that he was not able to locate the Petition for Reconsideration as an entry on the docket sheet for his case. *See id.* at 7–8. Petitioner understood this to mean that the Petition for Reconsideration was never filed, and that Judge Jackson improperly vacated his initial sentence of thirty-nine years reporting probation without authority to do so. *See id.* at 6–7, 9. As a remedy, Petitioner requests that this Court vacate its prior order denying his habeas petition and order his immediate release. *Id.* at 17.

On April 7, 2026, Respondents filed a Response to Petitioner's Motion for Relief from Final Judgment. *See* ECF No. 94. Respondents principally argue that Petitioner's Rule 60(b) Motion should be construed as an unauthorized successive habeas petition. *Id.* at 4–5. In addition, they attached a copy of the 1996 Petition for Reconsideration to their Response, *see* ECF No. 94-1, which they contend was filed and was located both in the Commonwealth's case files and on "the Philadelphia courts' e-filing site for attorneys" under "archived files." ECF No. 94 at 3–4. Petitioner's Rule 60(b) Motion is now before this Court.

---

[1] This case was later reassigned to this Court's docket. *See* ECF No. 91.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may provide relief to a party "from a final judgment, order, or proceeding" for certain enumerated reasons, such as "mistake, inadvertence, surprise, or excusable neglect," or for "newly discovered evidence."  Fed. R. Civ. P. 60(b)(1)–(2).  Rule 60(b) motions must be filed "within a reasonable time" and no more than one "year after the entry of the judgment or order" if they are based on mistake, newly discovered evidence, or fraud.  Fed. R. Civ. P. 60(c)(1).  "A Rule 60(b) motion may be used in federal habeas corpus proceedings unless it is inconsistent with applicable federal statutory provisions and rules, namely those detailed in" the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Taylor v. Comm'r of Pa. Dep't of Corrs.*, 150 F.4th 188, 192 (3d Cir. 2025) (internal quotations and citation omitted).

In federal habeas proceedings, a proper Rule 60(b) motion "attacks[] not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity" of the proceedings themselves.  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).  By contrast, a Rule 60(b) motion that "seeks vindication" of a "claim" is considered a successive or second habeas petition.  *Id.* at 531–32.  For example, this may occur when a Rule 60(b) motion "present[s] new claims for relief from a state court's judgment of conviction," "present[s] new evidence in support of a claim already litigated," "add[s] a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits."  *Id.* (emphasis omitted); *see also Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 441 (3d Cir. 2021) ("*Gonzalez* restricts a petitioner from filing a 'second or successive' habeas petition disguised as [a] Rule 60(b) motion in order to bypass AEDPA's gatekeeping mechanism.").  District courts lack jurisdiction to evaluate the merits of a successive or second habeas petition in the absence of an order from an appellate court specifically authorizing

the filing of such a petition.  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam); *see also Parham v. Klem*, 496 F. App'x 181, 184 (3d Cir. 2012).  If a habeas petitioner files a successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

### III.   <u>DISCUSSION</u>

#### A.  **Petitioner's Rule 60(b) Motion Is Dismissed Without Prejudice**

As an initial matter, Petitioner's Rule 60(b) Motion, which purports to assert newly discovered evidence, is untimely.  ECF No. 90 at 4–11.  A Rule 60(b) Motion that raises "newly discovered evidence" must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  Here, Petitioner filed his Rule 60(b) Motion over a decade after the Court's March 7, 2011 Order approving and adopting the Report and Recommendation, and denying his habeas petition.  *See* ECF No. 75.  Petitioner asserts that he did not have "access to public records," has "been unable to review the court's docket," and did not have a "reason to believe that the proceedings resulting" in his term of imprisonment may have been "procured through unspeakable fraud" before he received the Office of Judicial Records' August 6, 2024 response to his inquiry.  ECF No. 90 at 14.  Even if the Court were to credit Petitioner's argument, Petitioner does not explain why he waited almost two more years to seek relief on that purported new evidence.  And Rule 60(b) Motions that assert "other reason[s] that justif[y] relief" still "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

Furthermore, even if Petitioner's Rule 60(b) Motion were timely, it suffers from a more fundamental defect.  Rather than challenging a flaw in the federal habeas proceedings, Petitioner's Rule 60(b) Motion instead attempts to seek vindication of a new claim based on purported newly

discovered evidence. *See* ECF No. 90 at 4–11. The thrust of Petitioner's argument is as follows: in response to his request for a copy of the Commonwealth's 1996 Petition for Reconsideration, the Office of Judicial Records indicated that no such motion was available in its records. *Id.* at 6, 25. In addition, Petitioner contends that the Petition for Reconsideration is not listed on the docket sheet for his case. *Id.* at 7–8. Petitioner interpreted this as an indication that the Commonwealth's Petition for Reconsideration was never filed, with the result that Judge Jackson unlawfully vacated his initial sentence of thirty-nine years reporting probation. *Id.* Despite styling this motion as a Rule 60(b) Motion, Petitioner thus improperly attempts to relitigate the validity of his sentence and raise a new claim for relief on the basis that the trial court acted without proper authority. *Id.* at 7; *see also* ECF No. 68 at 12–14 (rejecting Petitioner's claim that the trial court lacked jurisdiction to impose the corrected sentence). Moreover, Petitioner's argument that the Court should vacate its judgment denying his habeas petition because his sentence was "procured by fraud," *see* ECF No. 90 at 13, similarly "present[s] [a] new claim[] for relief from [the] state court's judgment of conviction." *Gonzalez*, 545 U.S. at 531. Given the nature of the claims that Petitioner raised, his Rule 60(b) Motion is properly construed as a successive habeas petition, so this Court cannot reach the merits of Petitioner's claims in the absence of an order from the Third Circuit authorizing the filing of these claims. *See id.* at 531–32; *Burton*, 549 U.S. at 157.[2]

Since the Third Circuit has not authorized Petitioner to file a successive habeas petition, this Court must either dismiss his Rule 60(b) Motion or transfer it to the Third Circuit pursuant to 28 U.S.C. § 1631. *Robinson*, 313 F.3d at 139. In deciding whether to transfer Petitioner's Rule

---

[2] Because the Court finds that Petitioner's Rule 60(b) Motion is properly construed as a successive habeas petition and must be dismissed without prejudice, the Court does not address Petitioner's argument that, to the extent his new evidence and claims may be procedurally defaulted, the circumstances permit equitable tolling. ECF No. 90 at 14–16.

60(b) Motion, the Court considers whether Petitioner alleged sufficient facts to bring his claims within the gatekeeping requirement of the relevant habeas provision permitting successive habeas petitions. *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (per curiam); *see also Ruiz v. Superintendent of SCI Forest*, No. 25-cv-499, 2025 WL 2312105, at *6–7 (M.D. Pa. Aug. 11, 2025); *Clark v. Wetzel*, No. 10-cv-3164, 2023 WL 6216528, at *13 (E.D. Pa. Sept. 25, 2023). Under 28 U.S.C. § 2244(b)(2), claims presented in successive habeas petitions under Section 2254 are dismissed unless (1) "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive[;]" or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;" and "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Here, it is not "in the interest of justice" to transfer Petitioner's claims to the Third Circuit for a determination as to whether he may file a successive habeas petition. *See* 28 U.S.C. § 1631. Petitioner did not base his Rule 60(b) Motion on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" that may need to be addressed. 28 U.S.C. § 2244(b)(2)(A); *see also Hatches*, 381 F. App'x at 137 (affirming a district court's decision not to transfer a successive habeas petition where it was not based on "a new rule of constitutional law"); *Ruiz*, 2025 WL 2312105, at *7. Nor did Petitioner present any facts demonstrating "by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty" of the offenses that he was convicted of, such that transfer may be warranted. 28 U.S.C. § 2244(b)(2)(B)(ii). Therefore, the Court will dismiss without prejudice Petitioner's Rule 60(b) Motion without opining on the merits of his claims or transferring them to the Third Circuit.

**B.  A Certificate of Appealability Is Denied**

Finally, the Court must determine whether to grant Petitioner a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A).  A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  A petitioner can satisfy this standard by showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Petitioner has not made such a showing, and reasonable jurists would not disagree with the Court's resolution of Petitioner's Rule 60(b) Motion.  Accordingly, the Court declines to issue a certificate of appealability.

## IV.  **CONCLUSION**

For the foregoing reasons, the Court will dismiss without prejudice Petitioner's Rule 60(b) Motion (ECF No. 90), which is properly considered as a successive habeas petition, rather than transferring it to the Third Circuit.  The Court also declines to issue a certificate of appealability. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**