**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEITH BARTELLI,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| **v.** | : | **No. 04-cv-3817** |
| | : | |
| **JAMES WYNDER,** *et al.*, | : | |
| *Respondents*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                    **MAY 11, 2026**

Before the Court is Petitioner's Motion to Alter or Amend Judgment (the "Rule 59(e) Motion"). *See* ECF No. 99. For the reasons set forth below, the Court will **DENY** Petitioner's Rule 59(e) Motion (ECF No. 99).

## I.    DISCUSSION

On March 9, 2026, Petitioner Keith Bartelli filed a Motion for Relief from Final Order and Judgment Pursuant to Rule 60(b)(2) & (6) Fed. Rule of Civil Procedure (the "Rule 60(b) Motion") (ECF No. 90), which the Court dismissed without prejudice on April 14, 2026. *See* ECF Nos. 96, 97. Pursuant to Federal Rule of Civil Procedure 59(e), Petitioner now moves the Court to alter or amend its April 14 decision. *See* ECF No. 99.

"The scope of a motion for reconsideration" under Rule 59(e) "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Litigants may not use reconsideration motions "as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Therefore, a court may only alter or amend a judgment if the party requesting reconsideration demonstrates "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available" at the time the district court made its initial decision; or "(3) the

need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (internal quotations and citation omitted).

Petitioner argues that "the [C]ourt passed upon, declined or failed to determine if [his] pleading factually constituted a true Rule 60(b) motion, or was an effort to evade [the] § 2244 gatekeeping process." ECF No. 99 at 2. According to Petitioner, if the Court had conducted this "necessary analysis," it would have "compelled a merit review of the pled claims . . . or presented an issue of being a second or successive habeas filing[,]" and the Court would have been "constrained to instead transfer" his Rule 60(b) Motion to the Third Circuit. *Id.* at 2–3 (emphasis omitted).

Not so. First, Petitioner ignores that the Court conducted this very analysis in its April 14 Memorandum Opinion; indeed, that was the basis for the Court's dismissal of his Rule 60(b) Motion without prejudice. *See* ECF No. 96 at 1, 4–7. Setting aside the timeliness of Petitioner's Rule 60(b) Motion, the Court held that it could not reach the merits of Petitioner's Rule 60(b) Motion because it was a successive habeas petition and Petitioner did not seek authorization from the Third Circuit in advance of filing it. *See id.* at 5–6.

Second, as the Court previously explained, "[i]f a habeas petitioner files a successive habeas petition 'in a district court without the permission of a court of appeals, the district court's only option is to *dismiss the petition or transfer it* to the court of appeals pursuant to 28 U.S.C. § 1631.'" *Id.* at 5 (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (emphasis added)). Therefore, the Court was not required to transfer Petitioner's Rule 60(b) Motion to the Third Circuit and explained why it was not doing so. *See id.* at 6–7.

Petitioner otherwise advances similar arguments that he made in his Rule 60(b) Motion and attempts to relitigate it, which is "not a proper basis for reconsideration." *Lazaridis v. Wehmer*,

591 F.3d 666, 669 (3d Cir. 2010).  At bottom, Petitioner has failed to demonstrate that there was (1) an intervening change in the controlling law; (2) new evidence since the Court's disposition of his Rule 60(b) Motion; or (3) a clear error in the Court's April 14 decision.  *See Blystone*, 664 F.3d at 415.  Accordingly, since Petitioner has not established any grounds justifying relief under Rule 59(e), the Court will deny Petitioner's Rule 59(e) Motion (ECF No. 99).  No certificate of appealability shall issue because Petitioner has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

## II.    **CONCLUSION**

For the foregoing reasons, the Court will deny Petitioner's Rule 59(e) Motion (ECF No. 99).  The Court also declines to issue a certificate of appealability.  An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**

3